Charles H. Cohen, J.
The question presented is whether a bank has a duty of inquiry before paying a check which is stale in that it was presented for payment 14 months after issuance. Prior to the enactment of the Uniform Commercial Code, .such a duty existed. (Cowing v. Altman, 71 N. Y. 435; Goldberg v. Manufacturers Trust Co., 199 Misc. 167.) However, section 4-404 of the Uniform Commercial Code states that: “ A bank is under no obligation to a customer having a checking account to pay a check, other than a certified check, which is presented more than six months after its date, but it may charge its customer’s account for a payment made thereafter in good faith.”
This statute appears to change the common-law rule. See New York Annotations (McKinneys Cons. Laws of N. Y., Book 62%, Uniform. Commercial Code, § 4-404) stating that “This is new *615 law.” (See, also, Granite Equip. Leasing Corp. v. Hempstead Bank, 68 Misc 2d 350.)
Under this statute, it must be determined whether this payment was made “ in good faith.” Since no evidence was presented on this point and since both plaintiff and defendant The Chase Manhattan Bank, N.A. agree that there are no issues of fact — the case having been presented to the court on affidavits prepared for a summary judgment motion — the court must simply decide whether a payment of a check by a drawee bank 14 months after issuance is a payment “ in good faith ” when made without inquiry of the depositor. Subdivision (19) of section 1-201 of the Uniform Commercial Code defines “ good faith ” as “ honesty in fact in the conduct, or transaction concerned.” Under this definition, to which the Official Comment (McKinney’s Cons. Laws, of N. Y., Book 62%, Uniform Commercial Code, § 4-404) makes reference, it appears that the payment of the stale check, without making such inquiry, constitutes a payment ‘ ‘ in good faith. ” (See Granite Equip. Leasing Corp. v. Hempstead Bank, supra.)
Apparently, when the code intends to apply a concept of “ good faith ” beyond “honesty in fact ”, a broader definition is provided. Thus, with respect to dealings of merchants, section 2-103 (subd. [1], par. [b]) of the Uniform Commercial Code states: “ Good faith ’ in the case of a merchant means honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade. ’ ’
Presumably, if it were intended to place a duty of inquiry upon a bank before it could safely pay a stale check, a broader definition of “ good faith ” would have been made applicable to this situation. It may very well be that in enacting the code consideration was given, as defendant argues, to the vast number of checks being issued and the requirement that a bank accept or refuse to honor a check within a short, prescribed time limit (Uniform Commercial Code, §§ 4-301, 4-302), leading to the conclusion that a bank should not be liable for paying stale checks as long as the bank was honest in fact. (For an interesting discussion as to the significance of the words “ in good faith ” as used in section 4-404 of the Uniform Commercial Code, see California Code Comment, West’s Ann. Cal. Codes, Uniform Commercial Code — Bank Deposits & Collections, § 4404 which enacted the section in question without the words “in good faith.”)
The court realizes that a determination that there is no duty of inquiry puts a substantial burden upon one who issues a check, *616 and then, even for a good reason — as in this case — does not want it to be paid. Since a stop payment order is good for only six months (Uniform Commercial Code, § 4-403, subd. [2]), it paeans that the issuer must, in order to protect himself, either continue to renew the stop payment order every six months- or close the account. Apparently, in balancing the problems of the issuer and the bank in this situation, the code resolved the matter in favor of the bank.
The court notes the statement in the Official Comment (McKinney’s Cons. Laws of N. Y., Book 62%, Uniform Commercial Code, § 4-404) that normally a bank will not" pay a stale check without consulting the depositor and, further that section 4-404 of the Uniform Commercial Code does not require a bank to pay a stale check but the bank “ is given the option to pay because it may be in a position to know, as in the case of dividend checks, that the drawer wants payment made.” Plaintiff argues that this option to pay is given only when the drawee bank is in a position to know that the drawer wants the check to be paid; and in this case the bank could only know this if it made inquiry— something it did not do. However, the language of the code-itself, as indicated above, does not support this argument and does not impose a duty of inquiry upon the bank in the situation presented herein.
Judgment is directed in favor of the defendant the Chase Manhattan Bank, N.A. against plaintiff; and any claim over by that defendant against Long Island Trust Company is dismissed. The court finds that it would not be equitable te impose costs and no costs are awarded as to these parties pursuant to section 1902 of the New York City Civil Court Act.
Judgment is directed in favor of plaintiff against defendant Sergeant Steel Corporation, the payee of the check, in the. amount of $2,500, with interest thereon from April 5,1971 plus cost.